# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FRANK CANDELARIA,

        Plaintiff,

vs.                                                          CIV  NO. 00- 823 M/DJS

CITY OF ALBUQUERQUE, et al.,

        Defendants.

FRANK CANDELARIA,
ALVIN CARTWRIGHT, and
HALSEY S. TRUESDALE,

        Plaintiffs,

vs.                                                          CIV NO. 01-1452 JP/WWD

CITY OF ALBUQUERQUE-BERNALILLO COUNTY
DETENTION CENTER,
a City of Albuquerque government agency,
JOHN DANTIS, in his individual and official capacity as
Director of the Bernalillo County Detention Center,
CAPTAIN HENRY PEREA, in his individual and official
capacity as Captain of the Bernalillo County Detention Center
and JACK YARMOLA, Community Services Program Manager
in the City of Albuquerque Corrections Department,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion to Consolidate *Frank Candelaria v. City*

*of Albuquerque, et al.*, Civ. No. 00-823 M/DJS, with *Frank Candelaria, Alvin Cartwright and Halsey S. Truesdale v. City of Albuquerque, et al.*, Civ. No. 01-1452 JP/WWD.  The Motion has been brought by Plaintiffs Candelaria, Cartwright and Truesdale and was filed in the latter case, CIV 01-1452.  However, according to the long standing custom of the United States District Courts of New Mexico that motions to consolidate cases are filed in the earlier filed case, the motion is being treated as thought it were filed in the lower numbered case, CIV 00-823.  Having reviewed the Motion, the Defendant Jack Yarmola's Response in Opposition, the Defendants' Albuquerque-Bernalillo County Detention Center (BCDC), John Dantis and Henry Perea Response in Opposition and the Plaintiffs' Reply I find that the Motion to Consolidate is well taken and will be granted.

Federal Rule of Civil Procedure 42 (a) provides that

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

My initial inquiry is whether there is a common question of law or fact.  If the two cases involve a common question of law or fact, I must then weigh the interests of judicial convenience in consolidating the two cases against any delay, confusion or prejudice that consolidation might cause.  *Servants of the Paraclete, Inc. v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).

The two cases involve common questions of fact and law - the Plaintiff Frank Candelaria's claims that he suffered discrimination by being denied overtime assignments at the BCDC satellite facility.  This is also the primary claim brought by the Plaintiffs in 01 CV1452, claims that each of

the three plaintiffs suffered discrimination by being denied overtime assignments at the BCDC satellite facility.  The former case, of course, involves only Candelaria's denial of overtime claims while the latter case encompasses his claims as well as the claims of the other two plaintiffs. Weighing the interests of judicial convenience, I find that the potential clarification of issues and parties between the two cases more than outweighs any delay or inconvenience the Defendants may experience.

As the Plaintiff Frank Candelaria has explained, the first filed case, 00 CV 823, contains claims of discrimination that encompass both his transportation assignment issues as well as overtime assignments at the BCDC  satellite.  The Plaintiff Candelaria is concerned that a voluntary dismissal of the former case would not preserve his claim that he suffered discrimination by the denial of overtime assignments.  The Plaintiff has indicated that he will not pursue the transportation assignment issues and would be willing to dismiss the first filed of these consolidated cases except for the fact that the complaint in 00 CV 823 (drafted by former counsel) encompasses the same claims brought by Candelaria in the latter filed case, 01 CV 1452. By consolidating the cases, the transportation assignment claims will be dismissed and the consolidated cases will, for all intent and purpose, go forward in the posture of the latter filed case - still in discovery, with the three Plaintiffs bringing their claims against Defendants BCDC, Dantis, Perea and Yarmola, and with Plaintiffs having requested a jury trial.

In the interest of judicial economy, I also note that the Motion for Summary Judgment pending in 00 CV 823 will be substantially resolved by the voluntary dismissal of the transportation assignment claims.  Admittedly, counsel for the Defendants in the two cases are not the same and the cases are in different postures at the moment.  But the simplification brought

3

about by consolidating theses two cases outweighs the potential prejudice that Defendants may

suffer.  In the interest of judicial economy I find that the Motion to Consolidate *Frank Candelaria*

*v. City of Albuquerque, et al.*, Civ. No. 00-823 M/DJS with *Frank Candelaria, Alvin Cartwright*

*and Halsey S. Truesdale v. City of Albuquerque, et al.*, Civ. No. 01-1452 JP/WWD is

GRANTED.  IT IS HEREBY ORDERED that the above referenced cases are consolidated and

will proceed under Civil Case No. 00-823 M/DJS.

_____

SENIOR UNITED STATES JUDGE